# IN THE UNITED STATES DISTRICT COURT
## WESTERN  DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **KOURTNEY  SHARI RODGERS**<br><br>**Plaintiff**<br><br>**VS.**<br><br>**THE LOUISIANA STATE BOARD OF NURSING**<br><br>**Defendant** | **Cause Number:**<br><br><br><br>**COMPLAINT FOR EQUITABLE RELIEF /DAMAGES FOR VIOLATION OF 15 U.S.C. § 1, SHERMAN AND 15 U.S.C.  § 15 CLAYTON ANTITUST ACT** |

## PLAINTIFF'S ORIGINAL COMPLAINT

 COMES NOW, **Kourtney Shari Rodgers** (hereinafter "Plaintiff") who files

this Complaint. The Louisiana State Board of Nursing, also known as "LSBN"

(hereinafter "Defendant) is the subject of Plaintiff's complaint.  Defendant, among

other things, identifies national benchmarking licensing criteria and approves

baccalaureate educational programs and practice standards at the RN & ARPN level within the State of Louisiana.

## A. PRELIMINARY STATEMENT

1. Plaintiff is presently pursuing a Baccalaureate of Science Degree in Nursing (commonly referred to as a "BSN") at Grambling State University's School of Nursing. Grambling State University is a historically black, public, coeducational university located in Grambling, Louisiana.

2. The Grambling State University School of Nursing has for approximately 24 years produced many successful nurses, nurse practitioners, nurse anesthetists, and nurse educators. The School of Nursing has a rich and proud heritage and it's legacy includes Plaintiff's godmother – a member of the school's inaugural graduating class, and Plaintiff's sister – an August, 2015 BSN candidate.

3. Plaintiff matriculated to the Grambling State University School of Nursing in August, 2012. Plaintiff has successfully completed three (3) of the five (5) levels necessary for completion of the Grambling State's BSN Program and is projected to graduate in May, 2016. Plaintiff presently maintains a 3.75 cumulative GPA ("Grade Point Average").

4. Grambling State University's BSN Program has met the Baccalaureate Accreditation Standards established by the Accreditation Commission for Education in Nursing (hereinafter "ACEN").

5. Pursuant to authority conferred by 20 U.S.C. 1099b, the Department of Education recognizes ACEN as a reputable governing body capable of accrediting the quality of education or training offered by educational institutions via the Higher Education Act of 1965.

6. ACEN initially granted Grambling State University's BSN Program accreditation status in October 1991. Grambling State University's BSN Program is presently accredited and its status will remain the same through 2020.[1]

7. Defendant is composed of a consortium of Louisiana licensed health care professionals. Its membership includes eight (8) registered nurses, one (1) certified registered nurse anesthetist and two (2) ex officio non-voting physician advisors.   All aforementioned members were appointed by the Governor of the State of Louisiana.[2]

---

[1] Accreditation Commission for Education in Nursing Website at :www.acenursing.us/accredited programs/programsearch.asp

[2] Louisiana Revised Statutes 37:911

8.  June 15, 2015 Defendant issued a notice to Grambling State University involuntarily terminating the School of Nursing's BSN programs. Defendant wholly based its decision to terminate on Grambling's failure to maintain an "80% First Time Taker Pass Rate" (hereinafter FTTPR) on the National Council Licensure Examination for Registered Nurses (hereinafter "NCLEX-RN").

9.  Plaintiff asserts Defendant's singular reliance upon the 80 % NCLEX-RN FTTPR to terminate Grambling's BSN program creates a restraint on interstate trade and commerce with respect to the areas of  baccalaureate and professional nursing education, in violation of  Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1) and Section 15 of the Clayton Act (15 U.S.C. § 15)

10. Plaintiff asserts Defendant is subject to antitrust liability. *Please see N.C. State Bd. of Dental Examiners v. FTC, 135 S. Ct. 1101, 191 L. Ed. 2d 35 (2015).*

11. Plaintiff asserts Defendant's decision to terminate Grambling State University's BSN Program is in direct opposition to ACEN's findings and conclusions.

12. Plaintiff asserts Defendant's decision to terminate Grambling State University's BSN Program has directly and adversely impacted both Plaintiff and similarly situated persons at Grambling State University's School of Nursing.

13. Plaintiff further asserts Defendant's singular reliance upon the 80 % NCLEX-RN, FTTPR to terminate Grambling's BSN program is both highly arbitrary and capricious, as it is universally understood that the baccalaureate and graduate level accreditation process for nursing programs in the State of Louisiana is multi-dimensional.

14. Plaintiff further asserts no empirical research exists and/or concludes that an 80% FTTPR on the NCLEX-RN competently assesses the quality of instruction offered at a participating accredited baccalaureate nursing program.[3]

15. Plaintiff further asserts no empirical research exists and/or concludes that the safety or performance level of a RN Candidate who passes the   NCLEX-RN on the second, third or fourth setting for the NCLEX-RN is less competent as a RN than a First Time Taker and Passer of the NCLEX-RN.[4]

---

[3] See "First-Time NCLEX-RN Pass Rate: Measure of Program Quality or Something Else?" [J Nurs Educ. 2014;53(6):336-341,]

[4] Ib Footnote 3

16. Plaintiff asserts Defendant and unknown members of a national trade association known as the National Council of State Boards of Nursing (hereinafter "NCSBN")[5] have colluded to superimpose an 80 % NCLEX-RN FTTPR or similar numerical standard as a singular mechanism for evaluating a nursing program's quality of education.

17. Plaintiff asserts Defendant that the acts and actions further plea herein establishes that Defendant The Louisiana State Board of Nursing has engaged in an unlawful conspiracy in violation of §1 of the Sherman Act, (15 U.S.C. §1) to exclude the Grambling State University Baccalaureate Science of Nursing Program from recognition as an accredited/compensable educational provider of  Baccalaureate Nursing Studies in the State of Louisiana.

18. Plaintiff asserts Pursuant to §15 of the Clayton Act, (15 U.S.C. §15) Plaintiff Rodgers and prospective Class Members  have standing to seek damages they have sustained as results of the forbidden Antitrust violations  of Defendant The Louisiana State Board of Nursing  plead in this Complaint.

---

[5]  The National Council of state Boards of Nursing (NCSBN) is a non-profit organization whose members include the boards of nursing in the 50 states, the District of Columbia and four U.S. territories..[NCSBN Website www.ncsbn.org/about.htm]

## B.  PARTIES

19.  Plaintiff, an individual, is a citizen of the United States and resident and of the State of Louisiana.

20.  Defendant is an appointed regulatory board of private citizens vested with regulatory responsibilities for the practice of nursing in the State of Louisiana. Defendant may be served with personal process pursuant to Federal Rules of Civil Procedure, Rule 4 (i) by serving **James D. Caldwell, State of Louisiana Attorney General with personal process at 1885 N. Third St., Baton Rouge, Louisiana, 70802 and Karen C, Lyon, Executive Director The Louisiana State Board of Nursing, 17373 Perkins Road, Baton Rouge, Louisiana, 70810.**

## C.  JURISDICTION

21. The Court has jurisdiction over this matter  in keeping with:

a.  The Federal question  jurisdiction conferred on this Court by 28 U.S.C. § 1331 because this action arises and is  associated with a Federal Question.

b. A Federal Statute promulgated by the Congress of the United States and signed into law by the President of the United States Constitution, specifically:

Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1); Section 15 Clayton Act (15 U.S.C. §15) and Section 1099b of The Higher Education Act (20 U.S.C §§1001, et al.)[6]

## D. VENUE

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) (2) because all or a substantial portion of the events and the omissions from which this lawsuit arises occurred within the geographical boundaries of the Federal Western District, Monroe Division as they relate to Plaintiff, and Pursuant to § 15 Clayton Act,(15 U.S.C. §15) because an Agent to wit a Board Member resides within the geographical boundaries of the Federal Western District, Monroe Division.

## E.  AGENCY/RESPONDEAT SUPERIOR

23.  Whenever it is alleged in this Complaint that Defendant did any act or thing, it is also meant that the Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel, employees, and/or

---

[6] The Higher Education Act of 1965(P.L. 89-329) set as a purpose in summary to assist in making available the benefits of postsecondary education to eligible students in institutions of higher education by providing grants to those students who demonstrate financial need..considering cultural need, students from low-income families and other factors

representatives did such  act or thing, and at the time any such act or thing

was done it was done with the Defendant's authorization or was done in the

normal or routine course of agency or employment with Defendant.

## E. NO ANTITRUST IMMUNITY

24.  Defendant is a group of private citizens appointed by the Governor of the

State of Louisiana and is composed of eleven (11) members that include eight

(8) registered nurses, one (1) certified registered nurse and two (2) ex officio

non-voting  physician advisors. [7] Defendant's core membership is dominated

by nursing professionals that have a vested interest in the regulating the

baccalaureate nursing programs and professional nursing within the State of

Louisiana. Defendant's members are not exempted from the Sherman Antitrust

Act under the doctrine of state-action antitrust immunity, as defined in *Parker

v. Brown, 317 U. S. 341, 63 S. Ct. 307, 87 L. Ed. 315 (1943)* but is instead

subject to Antitrust Liability pursuant the U.S. Supreme Court's February,

2015 holding in *N.C. State Bd. of Dental Examiners v. FTC, 135 S. Ct. 1101,

191 L. Ed. 2d 35 (2015).*

---

[7] §914 B.(1) La. Revised Statutes 37:911 et seq. as re-enacted and amended (The Louisiana Nurse Practice Act)

25. Defendant additionally has engaged in collusive activity occurring outside the State of Louisiana and involving The National Council of State Boards of Nursing (also known as "NCSBN"). Together, their actions have created a restraint on interstate trade and commerce that extends to commerce among the several States, adversely affecting Plaintiff and all baccalaureate and professional nursing education programs operating within the State of Louisiana, thus violating Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1) and Section 15 of the Clayton Act,(15 U.S.C. §15)

## F. CLASS ACTION

26. Plaintiff brings this action on behalf of herself and all other similarly situated students in the Grambling State University Baccalaureate Science of Nursing Program. Pursuant to Rules 23(a) and (b) (2) of the Federal Rules of Civil Procedure, the class is defined as follows:

    a. All students enrolled in the Grambling State University Baccalaureate Science of Nursing Program impacted by Defendant's June 15, 2015 order of involuntary termination.

    b. Joinder is economically impracticable and not cost effective.

    c. There are questions of fact and law that are common and identical for all class members.

d.  There is no interest that is or may be potentially antagonistic to the

Interests of the class.

e.  All class members are seeking the same relief to wit: (1) the

opportunity to complete their baccalaureate educational program at

Grambling State University's (2) permanently enjoin Defendant from

terminating the Grambling State University Baccalaureate Science of

Nursing Program in violation of  Section 1 of the Sherman Antitrust

Act (15 U.S.C. § 1)  and (3) Damages under to § 15 Clayton Act, 15

U.S.C. §15 .

f.  The undersigned attorney has experience in federal litigation.

## G. FACTS

27.  Defendant's administrative powers are established pursuant to Louisiana's

"Nursing Practice Act" (Please see Louisiana Revised Statutes 37:911 et. seq.,

as re-enacted and amended and addressed specifically under §914 et al.

Louisiana Revised Statutes 37:911)

28. Defendant is composed of eight (8) registered nurses, one (1) certified

registered nurse anesthetist and two (2) ex officio non-voting physician

advisors. All aforementioned members were appointed by the Governor of the State of Louisiana.[8]

29. Although Defendant is not supervised by any entity in the State of Louisiana, Defendant has adopted rules and regulations for various aspects of the nursing profession in the State of Louisiana. These rules and regulations are codified in Title 46, Part XLVII, and Subpart 2 of the Louisiana Nursing Practice's Act, supra.

30. The Louisiana Nursing Practice's Act, in pertinent part states: "a nursing education program shall have a pass rate of 80 percent or greater achieved by candidates taking the licensure examination for the first time in any one January to December calendar year, or the program shall be placed on conditional approval".[9]

31. On June 15, 2015, Defendant, following various administrative procedures, terminated Grambling State University Baccalaureate Science of Nursing Program wherein Plaintiff was enrolled. (See Attachment A, attached and incorporated herein by reference).

---

[8] Louisiana Revised Statutes 37:911

[9] Under Title 46, Part XLVII § 3325 A.1. the referenced Licensure Examination is designated as the "National Council Licensure Examination for Registered Nurses (NCLEX-RN)"; Title 46, Part XLVII § 3325 C states that for the retaking of the NCLEX-RN  Applicants shall pass the exam within four attempts and within four years of graduation.

32.  Defendant's singular application of an 80% the FTTPR on the NCLEX-RN to terminate Baccalaureate Science of Nursing Program violates of  Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1).

33.  Defendant's reliance on the NCLEX-RN; FTTPR to measure  the quality of the Grambling State University Baccalaureate Science of Nursing Program, or any other baccalaureate nursing program in the State of Louisiana, is without merit and wholly arbitrary and capricious.

34.  ACEN, an entity recognized by the U. S. Department of Education, has conferred accreditation status for Grambling State University Baccalaureate Science of Nursing Program, for all relevant dates and times alleged in this complaint. Further, ACEN has conferred accreditation status for the Grambling State University Baccalaureate Science of Nursing Program through the year 2020.[10]

35.  ACEN reached its conclusions regarding Grambling's accreditation utilizing a comprehensive review process that critically evaluated the following six (6) areas of its BSN program:  (1) Mission and Administrative Capacity;

---

[10] Footnote 1, supra

(2) Faculty and Staff; (3) Students; (4) Curriculum; (5) Resources; and (6) Outcomes.[11]

36.  Defendant, similar to ACEN, evaluates baccalaureate nursing programs in the State of Louisiana. Defendant's evaluative criteria includes: (1) mission/philosophy, outcome of the curriculum, (2) teaching/learning experiences, (3) expected competencies of the graduate, (4) student(s) evaluations of courses, (5) faculty evaluations of students, (6) performance on the National Council Licensure Examination for Registered Nurses (NCLEX-RN), (7) follow-up studies of the graduates, (8)employment functioning of the graduates, and (9) evaluation of faculty performance.[12]

37.  As it relates to terminating Grambling's BSN program, Defendant has overly emphasized first time NCLEX-RN performance. Defendant's over reliance upon this one factor consciously disregards two facts: (a) Louisiana Registered Nurse licensure applicants can retake the NCLEX-RN up to as many as four (4) times within four (4) years of graduation; and (b) there is no data that supports the contention that an initial passer of the NCLEX-RN is a safer Registered Nurses then a licensure applicant that fails his or her initial attempt

---

[11]  ACEN Website: www.acenursing.net/manals/Policies

[12] Chapter 35 of Title 46 referenced above which includes §3523A is entitled Nursing Education Programs

and subsequently retakes and passes the exam utilizing the four opportunities afforded by the Defendant

38.  Defendant's over-reliance upon the 80% on the NCLEX-RN; FTTPR also disregards documented non-educational existential factors (e.g., gender, language, test anxiety) which: (a) heavily impact exam performance and success; and (b) cannot be controlled, monitored or anticipated by any Baccalaureate Science of Nursing Program BSN program. (Please see, "First-Time NCLEX-RN Pass Rate: Measure of Program Quality or Something Else")[13].

39.  Defendant is a member of the National Council of State Boards of Nursing (also referred to as "NCSBN"). NCSBN is a non-profit organization whose membership is comprised of the boards of nursing in all fifty (50) U.S. states, the District of Columbia and four (4) U.S. territories.[14]

40. Defendant and NCSBN have engaged in collusive activity  both inside and outside the State of Louisiana in arbitrarily and capriciously selecting the NCLEX-RN; FTTPR as singular rating factors for the measure of the Quality and Viability of baccalaureate nursing programs in the United States.

---

[13] Id Footnote 3

[14] NCSBN Website at https//www.ncsbn.org

41. Defendant has conspired to restrain trade, resulting in the termination of the Grambling State University Baccalaureate Science of Nursing Program, utilizing arbitrarily and capriciously the NCLEX-RN; 80% FTTPR as a singular rating factors for the measure of the Quality and Viability of the Grambling State University Baccalaureate Science of Nursing Program.

42. Defendant has continuously engaged in anticompetitive conduct as non-sovereign actors while its Defendants' Members are active parties/ participants in the Louisiana Baccalaureate Nursing Educational Service and Nurse Practice   marketplace. [15]

43. Defendant's present anticompetitive conduct has directly affected the migration, distribution and financial stress of many current baccalaureate nursing education candidates, including Plaintiff and other similarly situated individuals.

44. Defendant's present anticompetitive conduct heavily impacts the costs associated with Louisiana's healthcare system whose service cost is tied to the supply of nurses within the marketplace. Presently, there is a shortage of

---

[15] Five of the current Board Member are affiliated with other competing Louisiana Baccalaureate  Nursing Programs other than the Grambling State University Program attended by Plaintiff Rodgers.

Registered Nurses in Louisiana and nationally; particular in the southern and western United States a fact that universally known and well documented.[16]

## H. CAUSES OF ACTIONS

### 1. SHERMAN ANTITRUST ACT VIOLATION

Plaintiffs re-plead and incorporate all items in Sections 1-44 herein and plead that:

1. The Louisiana State Board of Nursing by way of its Individual Registered Nursing and Registered Nursing Baccalaureate Education Provider Members has engaged in an unlawful conspiracy in violation of §1 of the Sherman Act to exclude the Grambling State University Baccalaureate Science of Nursing Program from recognition as an accredited/compensable educational provider of Baccalaureate Nursing Studies in the State of Louisiana by utilizing a flawed arbitrary and capricious singular mechanism for evaluating Educational Quality of Louisiana "Baccalaureate Science of Nursing Programs" linked solely to a <u>80% First Time Taker Pass Rate for the National Council Licensure Examination for Registered Nurses</u>

---

[16] American Association of Colleges of Nursing,, [ Nursing shortage Fact Sheet] update April 24, 2014

(NCLEX-RN). The  Louisiana State Board of Nursing  has further it unlawful conspiracy Nationally though   collusion  as  a  members under the national umbrella Trade Organization for State Boards of Nursing known as the National Council of State Boards of Nursing (NCSBN); which Trade  Group Members nationally have implement a  similar  flawed  arbitrary  and  capricious  singular  mechanism  for evaluating Educational Quality of Baccalaureate Science of Nursing Programs linked to First Time Taker Pass  Rate for the  National Council  Licensure  Examination  for  Registered  Nurses  (NCLEX-RN).

2.  Defendant and its members compete in trade and commerce via the sale of baccalaureate nursing education within the State of Louisiana. Defendant's sale of baccalaureate nursing education annually produces millions of dollars in private funds and federal student loans for Defendants' Members who are active parties/ participants in the Louisiana Baccalaureate Nursing Educational Service and Nurse Practice   marketplace.

3.  Defendant and its members compete in trade and commerce by controlling the entry of baccalaureate nursing candidates into the

healthcare marketplace. Defendant's steering mechanisms directly impact the supply and demand of nurses available to the public.

4. Defendant's anticompetitive conduct has left Plaintiff and other similarly situated Grambling students without an educational program to pursue their vocation. Due to Defendant's termination of Grambling's BSN program, Plaintiff and her cohorts are at immediate risk of confronting serious emotional, financial and educational hardships.

5. Defendant's conspiracy in violation of §1 of the Sherman Act by The Louisiana State Board of Nursing in excluding the Grambling State University Baccalaureate Science of Nursing Program from recognition as an accredited/compensable educational provider for Baccalaureate Nursing Studies in the State of Louisiana and nationally has injured the Educational Property Rights and Professional Nursing Business status sought by Plaintiff Rodgers and prospective Class Members who were enrolled in and pursuing Baccalaureate Nursing Studies at Grambling State University. Pursuant to § 4 Clayton Act, 15 U.S.C. §15 (a) Plaintiff Rodgers and

prospective Class Members seek damages they have sustained as results of the forbidden Antitrust violations plea in this Complaint.

## 2. PRELIMINARY INJUNCTION

Plaintiffs re-plead and incorporate all Items Section 1-44 herein and Pleads that Plaintiff is entitled to Injunctive release under

1. That Plaintiff has and or will suffered irreparable harms based on the acts and actions of Defendant as plead herein, said harm is reflected in the Affidavit of Plaintiff Rodgers attached hereto as Attachment 2 and incorporated herein by reference.

2.  A Temporary Restraining Order is necessary to preserve the *status quo*, to prevent the irreparable injury to the Plaintiff that would result from the acts and actions of Defendant plead herein.

3. Plaintiffs would have no adequate remedy at law, and this Court's ability to fashion effective relief would be significantly impaired if the Defendant is not enjoined.

4. Any harm to defendants from enjoining the stated termination of the Grambling State University Baccalaureate Science of Nursing Program is outweighed by the anticompetitive effects of the

termination on the Plaintiff and the provision of Baccalaureate Nursing

Educational Programs in the State Louisiana.

5.  Granting the requested preliminary relief will serve the public interest

Pursuant to Section 26 of the Clayton Act, (15 U.S.C. § 26) and

Rule 65 of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be duly cited to appear and answer. Plaintiff further prays that the Court award judgment on Plaintiffs' behalf against Defendants and that:

a.  Pending the final trial of this matter the Court Expedite a Preliminary Injunction Hearing in the pending case.

b.  The Court enters a  Preliminary Injunction after Notice and Hearing maintaining the "Status Quo" pending final disposition of the pending lawsuit pursuant to Section 26 of the Clayton Act, (15 U.S.C. § 26) and Rule 65 of the Federal Rules of Civil Procedure

c.  That upon Final Hearing the Court enters a Permanent Injunction prohibiting Defendant from utilizing the  "First Time Taker Pass  Rate for the  National Council Licensure Examination for Registered Nurses (NCLEX-RN) as singular numerical standard  for evaluating a baccalaureate nursing program's quality of education in violation of  §1 of the Sherman Act.

d. That upon Final Hearing that Plaintiffs be awarded treble damages  and reasonable attorney fees pursuant to Section 4 of the Clayton Act, (15 U.S.C. § 16)

e. That the Court awards any other Relief that Plaintiffs are entitled to at law and equity.

Respectfully submitted,

BY: _____

WILLIAM T. HUGHEY
Texas SBN:  10245500
ATTORNEY FOR PLAINTIFFS

**THE HUGHEY LAW FIRM P.L.L.C.**
P. O. Box 2012
Marshall, Texas  75670
(903) 935-5550 - Telephone
(866) 823-7185 - Facsimile
Email:  Hugheylaw@sbcglobal.net


Respectfully submitted,

BY:/S/    *Dianne Hill*
DIANNE HILL
Louisiana SBN: 14992
LOCAL COUNSEL FOR PLAINTIFFS

**HILL LAW OFFICE**
1401 Hudson Lane Suite 137
Monroe, Louisiana  71201
(318) 325-6398-Telephone
(318)) 325-6399 - Facsimile
Email: D9hill@yahoo.com