# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **KOURTNEY S. RODGERS** | **CIVIL ACTION NO. 15-2176** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA BOARD OF NURSING** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Before the Court is Defendant Louisiana State Board of Nursing's ("LSBN") 12(b)(3) Motion to Dismiss for Improper Venue ("Motion to Dismiss") [Doc. No. 10]. LSBN argues that Plaintiff Kourtney S. Rodgers ("Rodgers") filed her Complaint [Doc. No. 1] and her Verified Application for Temporary Restraining Order and Request for Expedited Oral Hearing ("Motion for TRO") [Doc. No. 7] in the improper venue because (1) the LSBN resides in the Middle District of Louisiana; and (2) a substantial part of the events giving rise to the claim occurred in the Middle District of Louisiana. Rodgers has opposed the motion. [Doc. No. 13]. LSBN has filed a reply in support of its motion. [Doc. No. 14].

For the following reasons, LSBN's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## FACTS AND PROCEDURAL HISTORY

Rogers is a student at Grambling State University ("GSU") where she has been enrolled since August, 2012, pursing a bachelor's of science in nursing ("BSN"). She filed a "Complaint for Equitable Relief/Damages for Violation of 15 U.S.C. § 1, Sherman and 15 U.S.C. § 15 Clayton Antitrust Act" ("Complaint") [Doc. No. 1] against LSBN on August 12, 2015.

GSU's BSN program previously met the Baccalaureate Accreditation Standards established by the Accreditation Standards established by the Accreditation Commission for Education in Nursing ("ACEN"). [Doc. No. 1, ¶ 4]. According to Rodgers, GSU's BSN program remains accredited through 2020. [Doc. No. 1, ¶ 6 & n.1].

LSBN is composed of 11 members: 8 registered nurses, 1 certified registered nurse anesthetist, and 2 ex officio non-voting physician advisors. All members are appointed by the Governor.

On June 15, 2015, LSBN issued notice to GSU of its decision to terminate the BSN program because of the school's failure to maintain an "80% First Time Taker Pass Rate" ("FTTPR") on the National Council Licensure Examination for Registered Nurses ("NCLEX-RN"). Rodgers asserts that LSBN's "singular reliance upon the 80% NCLEX-RN FTTPR to terminate [GSU's] BSN program creates a restraint on trade and commerce with respect to the areas of baccalaureate and professional nursing education," in violation of § 1 of the Sherman Antitrust Act and § 15 of the Clayton Act. [Doc. No. 1, ¶ 9]. She contends that LSBN's decision is in "opposition to ACEN's findings and conclusions" and has "directly and adversely impacted both Plaintiff and similarly situated persons" at GSU. [Doc. No. 1, ¶¶ 11-12]. She argues further that LSBN's decision is arbitrary and capricious and cannot be supported under the Section 1099b of the Higher Education Act, 20 U.S.C. § 1001, *et seq*.

In her Complaint, Rodgers asserts that "[v]enue is proper in this Court pursuant to 28 U.S.C. § 1391(a) (2) because all or a substantial portion of the events and the omissions from which this lawsuit arises occurred within the geographical boundaries of the Federal Western District, Monroe Division as they relate to Plaintiff, and [p]ursuant to § 15 Clayton Act,(15 U.S.C. §15) because an

Agent to wit a Board Member resides within the geographical boundaries of the Federal Western District, Monroe Division." [Doc. No. 1, ¶ 22].

On August 31, 2015, Rodgers filed her Motion for TRO. In that motion, Rodgers asserts that the termination of GSU's BSN program without providing a "Teach Out Plan" for Rodgers and other students similarly situated will cause her irreparable harm. In addition to the arguments generally under the Sherman and Clayton Acts, Rodgers argues in her Motion for TRO that LSBN is subject to liability under the Supreme Court's decision in *N.C. State Bd. of Dental Examiners v. FTC*, 135 S. Ct. 1101 (2015).

On September 1, 2015, LSBN filed the instant Motion to Dismiss. Briefing on the motion is now complete [Doc. Nos. 13 & 14], and the Court is prepared to rule.

**LAW AND ANALYSIS**

When a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper. *Gray Cas. And Sur. Co. v. Lebas*, 2013 WL 74351 (E.D. La. Jan.7, 2013); *International Truck and Engine Corp. v. Quintana*, 259 F. Supp.2d 553, 558 (N.D. Tex.2003); *Psarros v. Avior Shipping, Inc.*, 192 F. Supp.2d 751, 753 (S.D. Tex. 2002). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Services Co. v. Modec (USA), Inc.*, 240 Fed. App'x. 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)). "The court may look outside of the complaint and its attachments and review the complaint supplemented by the undisputed facts evidenced in the record or by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied*, 558 U.S. 1111 (2010).

3

> A civil action in federal court
>
> may be brought in–
>
> (1) the judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or missions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, where any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(2). "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994).

Additionally, Section 4 of the Clayton Act provides that "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefore in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15.

LSBN asserts that the Western District of Louisiana is an improper venue for the resolution of this case. First, LSBN argues that it is the only Defendant, and its domicile, by statute, is Baton Rouge, which is located in the Middle District of Louisiana. *See* LA. REV. STAT. 37: 919. Second, LSBN argues that none of the events giving rise to Rodgers' claims occurred in the Western District of Louisiana.

Rodgers argues that venue is proper in this Court. First, she asserts that the intent of the Louisiana Legislature to allow a plaintiff to bring suit in any court of competent jurisdiction should be followed in this case. Since the impact of LSBN's decision is felt by Rogers herself and by GSU, both of which reside in the Western District, she argues that she should be allowed to pursue her lawsuit in this Court. Additionally, she argues that one of the LSBN board members resides in Monroe, and venue is proper because board members act as agents for LSBN. Finally, Rodgers argues that even if venue is not proper in the Western District, the Court should transfer this case to the Middle District, not dismiss.

In its reply, LSBN argues that venue is governed by federal, not state law, and Rodgers cannot establish that venue is proper. Although a board member may physically reside in the Western District, no board member has authority to act unilaterally and, thus, cannot serve as an "agent" in this District.

The Court finds that venue is not proper in the Western District. First, venue is not proper under the general provisions of § 1391. The only Defendant in this matter is LSBN, which is statutorily domiciled in Baton Rouge. Further, although certainly Rodgers and GSU feel the effects of LSBN's actions, LSBN's actions are the heart of this lawsuit. Those actions, and, thus, the "substantial part of the events or missions giving rise to the claim" all occurred in Baton Rouge. Second, the Court finds venue is also improper under the special venue provisions of the Clayton Act. If applicable, the special venue provisions under Section 4 of the Clayton Act "trump" the general venue provisions of § 1391. *See generally Sharp v. Commercial Solvents Corp.*, 232 F. Supp. 323, 330 n. 9 (D.C. Tex. 1964). However, the provisions are inapplicable here. While an LSBN board member may live in this District, there is no allegation that he or she acted as an agent

in any capacity in this District. Any action by the LSBN members took place in Baton Rouge. Accordingly, venue is proper in the Middle District, not the Western District, of Louisiana. In the interests of justice, however, and pursuant to 28 U.S.C. § 1406[1], the Court will hereby transfer this matter to the proper district.

**CONCLUSION**

For the foregoing reasons, LSBN's Motion to Dismiss [Doc. No. 10] is GRANTED IN PART and DENIED IN PART. To the extent that LSBN contends that venue is improper in the Western District of Louisiana, the Court agrees, and the Motion is GRANTED. To the extent LSBN moves for dismissal with prejudice, the motion is DENIED. This matter is TRANSFERRED to the Middle District of Louisiana.

MONROE, LOUISIANA, this 10th day of September, 2015.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] Title 28, United States Code Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division where it could have been brought." Given the nature of the allegations and the need for a timely ruling, the Court finds a transfer is appropriate under this statute.