UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KOURTNEY S. RODGERS

VERSUS

STATE OF LOUISIANA BOARD
OF NURSING

CIVIL ACTION

NO. 15-615-JJB-SCR

### RULING AND ORDER

This matter is before the Court on a Motion to Strike (Doc. 30) filed by the Defendant, State of Louisiana Board of Nursing ("Nursing Board"). The Plaintiff, Kourtney S. Rodgers ("Rodgers") has filed an opposition (Doc. 31). Thereafter, Rodgers filed a Motion for Leave to Exceed Page Limits (Doc. 33). For the reasons stated herein, the defendant's Motion to Strike (Doc. 30) is **GRANTED**, and accordingly the plaintiff's Motion for Leave to Exceed Page Limits (Doc. 33) is **MOOT**.

**I.      Background**

On September 15, 2015, the Court held a telephone status conference related to Rodgers' Motion for Temporary Restraining Order (Doc. 7), and the Court issued a Briefing Notice (Doc. 19). The Briefing Notice set forth deadlines for the defendant to file its Opposition to the Motion for Temporary Restraining order, as well as deadlines to file any responsive motions in this matter. Specifically, the Court ordered the defendant to file any responsive motions within 10 days of the date of the order. *Briefing Notice*, Doc. 19. Any oppositions thereto were ordered to be filed within 10 days of the filing of the motion. *Id.* The Briefing Notice also specified that any oppositions "shall not exceed 10 pages." *Id.*

Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim Upon Which Relief Can be Granted, and Failure to Join a Party on September 25, 2015, within the deadlines set forth in the Court's Briefing Notice. Accordingly, the plaintiff's

1

opposition was due 10 days later on October 5, 2015. However, Rodgers did not file an opposition on or before the deadline, nor did Rodgers file a request for an extension of time. Rather, Rodgers filed her opposition on October 9, 2015 (Doc. 29), four days after the deadline set in the Court's Briefing Notice (Doc. 19). Additionally, the Opposition (Doc. 29) is 20 pages—exceeding the 10-page limit set in the Briefing Notice by 10 pages. Rodgers did not seek leave from the Court to exceed page limits until after both her Opposition (Doc. 33) and the defendant's Motion to Strike (Doc. 30) had already been filed.

## II. Discussion

### A. Defendant's Motion to Strike (Doc. 30)

#### 1. *Timeliness*

According to this Court's Local Rules, generally a response to a motion must be filed within 21 days after service of the motion. LR 7(f). However, a respondent may be required to file a response within a shorter or longer period of time as the Court may order. *Id.*

Plaintiff's counsel stated that the late response was a result of a misreading of the docket text entry;[1] that plaintiff's counsel failed to read the expanded order in connection with the docket entry; and although filed late, the Opposition was filed within the standard 21 days set out in Federal Rule of Civil Procedure 12(a)(1)(A)(i). *Pl.'s Response* 2–3, Doc. 31. In the oral instructions given at the telephone conference, the text in the docket entry, and the text in the Briefing Notice, the Court clearly and unambiguously ordered Rodgers to file any Oppositions within a shorter period of time—10 days. The Opposition (Doc. 29) was not filed within those 10 days, and the plaintiff made no request for an extension of time. Failing to read the expanded Briefing Notice and a misplaced reliance on the 21 days set forth in the Federal Rules of Civil

[1] The docket text entry reads, "BRIEFING NOTICE on [7] MOTION for Temporary Restraining Order: Opposition to the motion shall be filed within 10 days of the date of this order. The mover may file a reply brief within 10 days of the filing of the opposition. Signed by Judge James J. Brady on 9/15/2015. (LLH) (Entered: 09/16/2015)."

Procedure does not excuse the untimely filing of the Opposition, especially when the docket text entry unambiguously set forth a 10-day deadline. Accordingly, the plaintiff's Opposition violated this Court's Briefing Notice, and should be stricken from the record.

### 2.  *Page Limit*

The Court's Briefing Notice ordered that any opposition to responsive motions shall not exceed 10 pages. The Opposition filed by Rodgers is 20 pages (Doc. 29). Therefore, in addition to untimely filing her opposition to the Motion to Dismiss, the Opposition also exceeds the page limit set by the Court.

Plaintiff's counsel stated that the page limit was exceeded because the relevant legal standard for the underlying dispute is a six-factor test. Thus, according to plaintiff's counsel, the Opposition was of a length commensurate to the relevant legal standard. *See Pl.'s Resp.* 4, Doc. 31 ("[The Opposition's] page length was dictated by the test presented by the case law and the necessity to apply the facts of Plaintiff's case to the 'Prongs and Factors' listed in the [relevant case law]."). The Briefing Notice clearly and unambiguously stated that any Opposition was limited to 10 pages. The Opposition exceeded this limit by 10 pages. Rather than seek leave from the Court to exceed the 10-page limit prior to filing the Opposition as required by local rules, Rodgers did not file her Motion for Leave to Exceed Page Limits (Doc. 33) until after both her Opposition (Doc. 33) and the defendant's Motion to Strike (Doc. 30) had already been filed. Accordingly, the plaintiff's Opposition violated this Court's Briefing Notice and the local rules, and should be stricken from the record.

Additionally, irrespective of the plaintiff's failure to timely seek permission from this Court to exceed the page limit, the arguments contained in the Opposition are unclear, repetitive, and did not offer much as a substantive response to the motion to dismiss. Thus, it does not

3

appear to the Court that counsel has made a genuine effort to comply with the local rules. Therefore, the plaintiff's Opposition shall be stricken from the record because it was untimely, exceeded the page limit established in the Briefing Notice, and did not comply with local rules.

### B.   Plaintiff's Motion for Leave to Exceed Page Limits (Doc. 33)

After the defendant moved to strike the Opposition, Rodgers filed a Motion for Leave to Exceed Page Limits. Having stricken the Opposition from the record for the reasons stated above, the plaintiff's Motion for Leave (Doc. 33) is **MOOT**.

### III.   Conclusion

In conclusion, the Opposition (Doc. 29) violated this Court's Briefing Notice because it was untimely and exceeded the page limit. Accordingly, the Defendant's Motion to Strike Document 29 from the Record (Doc. 30) is **GRANTED**, and the Plaintiff's Motion for Leave (Doc. 33) is **MOOT**. The non-complying opposition (Doc. 29) is hereby **STRICKEN** from the record.

Signed in Baton Rouge, Louisiana, on October 26, 2015.

                                                                                          _____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**