# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE  
NEW ORLEANS, LA 70130

December 21, 2016

Mr. Michael L. McConnell  
Middle District of Louisiana, Baton Rouge  
United States District Court  
777 Florida Street  
Room 139  
Baton Rouge, LA 70801

    **No. 16-30023    Kourtney Rodgers v. State of LA Board of Nursing**  
                       USDC No. 3:15-CV-615

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Enclosed for the district court and counsel is the approved bill of costs.

                       Sincerely,

                       LYLE W. CAYCE, Clerk

                       *Sabrina B. Short*  
                       By: _____  
                       Sabrina B. Short, Deputy Clerk  
                       504-310-7817

cc w/encl:  
    Mr. Thomas Granger Abram  
    Ms. Kathryn Dufrene  
    Ms. Dianne Lorraine Hill  
    Mr. William Todd Hughey  
    Ms. Carrie LeBlanc Jones  
    Mr. Edmond Wade Shows

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 16-30023

_____

D.C. Docket No. 3:15-CV-615

United States Court of Appeals
Fifth Circuit
**FILED**
November 8, 2016

Lyle W. Cayce
Clerk

KOURTNEY S. RODGERS,

    Plaintiff - Appellant

v.

STATE OF LOUISIANA BOARD OF NURSING,

    Defendant - Appellee

Appeal from the United States District Court for the
Middle District of Louisiana, Baton Rouge

Before JOLLY, BARKSDALE, and SOUTHWICK, Circuit Judges.

J U D G M E N T

    This cause was considered on the record on appeal and was argued by counsel.

    It is ordered and adjudged that the judgment of the District Court is affirmed.

    IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.



**Certified as a true copy and issued
as the mandate on Dec 21, 2016**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30023

United States Court of Appeals
Fifth Circuit
**FILED**
November 8, 2016
Lyle W. Cayce
Clerk

KOURTNEY S. RODGERS,

    Plaintiff - Appellant

v.

STATE OF LOUISIANA BOARD OF NURSING,

    Defendant - Appellee

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-615

---

Before JOLLY, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Louisiana charges the State of Louisiana Board of Nursing ("Board") with regulating the practice of nursing, licensing nurses, and accrediting nursing schools. In carrying out these functions, the Board has established criteria for accrediting and terminating the accreditation status of Louisiana nursing schools.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30023

One of the Board's criteria is that each nursing program must maintain an eighty percent first time passage rate by its candidates on the National Council Licensure Examination for Registered Nurses. If a program fails to achieve this passage rate, it is placed on conditional approval. A program exhausts its ability to continue on a probationary status after three consecutive years of conditional approval. And, at any time during this probationary period, the Board may order a program to cease admitting new nursing students and/or begin involuntary termination.

As of February 2015, the Grambling State University School of Nursing ("Grambling") had been on conditional approval for three consecutive years. Consequently, when the Board verified that Grambling's pass rate for 2014 and the first quarter of 2015 was again below the eighty percent threshold requirement, the Board instructed Grambling to cease admitting new students and involuntarily terminate its program.

Kourtney Rodgers, a Grambling student, filed a complaint against the Board. She claimed that the Board violated the Sherman Act, 15 U.S.C. § 1, and the Clayton Antitrust Act, 15 U.S.C. § 15(a), by restraining trade and commerce with respect to nursing education because the Board singularly relied upon an eighty percent passage rate to terminate Grambling's program.

On September 15, 2015, the district court held a telephone status conference related to Rodgers' motion for a temporary restraining order ("TRO"). The court set deadlines and page limits for opposition to the TRO, as well as for any other responsive motions in the case. It then ordered the parties to file opposition to the latter within ten days of the filing of the original motion, setting a ten-page limit for opposition briefs. These instructions were orally given and put into the text of a Briefing Notice and a docket entry.

On September 25, 2015, the Board filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). To the point, the Board

Case: 16-30023 Document: 00513806722 Page: 3 Date Filed: 12/21/2016
Case 3:15-cv-00615-JJB-EWD Document 52 12/21/16 Page 5 of 10

No. 16-30023

contended that the court lacked subject matter jurisdiction because it was entitled to Eleventh Amendment immunity ("sovereign immunity") as an arm of the state under the test in *Earles v. State Bd. of Certified Pub. Accountants*, 139 F.3d 1033 (5th Cir. 1998). The Board also averred that Rodgers failed to state a claim because it was entitled to state action immunity ("*Parker* immunity") given that *N.C. State Bd. of Dental Exam'rs v. F.T.C.*, 135 S. Ct. 1101 (2015) ("*N.C. Dental Board*"), asserted by Rodgers, was distinguishable.

Pursuant to the district court's instructions, Rodgers was allowed a ten-page opposition to the Board's motion to dismiss, which was due on October 5, 2015. She filed a twenty-page response on October 9, 2015. The Board immediately filed a motion to strike the response.

The district court granted the Board's motion to strike on October 26, 2015. The court explained that not only was Rodgers' response double the page limit, it was also four days late. Moreover, Rodgers failed to file a timely request for an extension of time or to seek leave to exceed page limits before filing, as local rules required.

On December 18, 2015, the district court granted the Board's motion to dismiss the complaint. Because Rodgers had no substantive response to the Board's motion, the court independently researched and analyzed the legal issues and objectively formulated arguments that Rodgers was attempting to make in her brief.[1] The court properly began its analysis by assessing the Board's challenge to subject matter jurisdiction.[2] It found that sovereign immunity and *Parker* immunity are distinct defenses and held that it had no

---

[1] Rodgers' brief is found in the record as an exhibit attached to her combined motion of October 16, 2015. It is clear that although the district court did not formally allow Rodgers' brief, the court was familiar with the arguments that it contained, referencing them in its dismissal order.

[2] *E.g.*, *United States v. Tex. Tech. Univ.*, 171 F.3d 279, 286−87 (5th Cir. 1999).

3

Case: 16-30023　　Document: 00513806722　　Page: 4　　Date Filed: 12/21/2016
Case 3:15-cv-00615-JJB-EWD　Document 52　12/21/16　Page 6 of 10

No. 16-30023

subject matter jurisdiction because the Board was entitled to sovereign immunity under the *Earles* test.

Rodgers has timely appealed. She contends that the district court erred because it: (1) abused its discretion in striking her response to the Board's motion to dismiss; and (2) used the wrong standard for sovereign immunity.[3]

I.

A.

Because Rodgers seems to make it a cornerstone of her appeal, we begin by considering whether the district court erred by striking Rodgers' response to the Board's motion to dismiss. We review the grant of a motion to strike for an abuse of discretion. *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007) (citations omitted).

Rodgers asserts that the district court erred in striking her response—which was admittedly four days late and twice the page limit—because there is no evidence that her failure to comply with the court's directives prejudiced the Board or caused undue delay of the proceedings.

Taking all of Rodgers' arguments into account, we hold that the district court did not abuse its discretion in granting the Board's motion to strike. As Rodgers points out, case law is clear: federal judges have the inherent power to manage their own proceedings and control the conduct of those who appear before them. *E.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991) (citations omitted); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (citations omitted). The court clearly and unambiguously established page limits and deadlines both through oral instructions and in the Briefing

---

[3] As Rodgers' counsel clarified at oral argument, she is not challenging whether the district court erred in: (1) applying sovereign immunity instead of *Parker* immunity; or (2) analyzing sovereign immunity, if we find that the court used the proper test.

Case: 16-30023 Document: 00513806722 Page: 5 Date Filed: 12/21/2016
Case 3:15-cv-00615-JJB-EWD Document 52 12/21/16 Page 7 of 10

No. 16-30023

Notice and a docket entry. Local rules explained how to proceed if Rodgers' counsel sought additional time and pages. Furthermore, Rodgers was not prejudiced by the district court's dismissal. The court independently researched and analyzed the legal issues, going so far as to attempt to formulate arguments on Rodgers' behalf. And nothing indicates that the court would have altered its judgment if it had not stricken Rodgers' response. *See Soliz v. Bennett*, 150 F. App'x 282, 284–85 (5th Cir. 2005). Accordingly, the court did not abuse its discretion in striking Rodgers' brief.

B.

Rodgers further argues that the district court erred because it did not import the second prong of the *N.C. Dental Board* test[4] from *Parker* immunity to determine whether the Board was shielded by sovereign immunity. We review a district court's grant of a motion to dismiss under Rule 12(b)(1) *de novo. Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted).

In the context of antitrust suits, courts have recognized that both *Parker* immunity and sovereign immunity are potential defenses for state entities. *E.g.*, *Earles*, 139 F.3d at 1034, 1044 (holding a state regulatory board immune from federal and state antitrust laws under both sovereign immunity and *Parker* immunity and its members immune from state antitrust laws under sovereign immunity and federal antitrust laws under *Parker* immunity). We conclude that sovereign immunity and *Parker* immunity are distinct doctrines,

---

[4] *Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, established a two-prong test for *Parker* immunity: (1) "the challenged restraint must be 'one clearly articulated and affirmatively expressed as state policy'"; and (2) "the policy must be 'actively supervised' by the State itself." 445 U.S. 97, 105 (1980) (citation omitted). *N.C. Dental Board* clarified when "[a] nonsovereign actor controlled by market participants" would be "cloaked with *Parker* immunity" under the *Midcal* test. *N.C. Dental Board*, 135 S. Ct. at 1110–12. Consequently, we refer to this test as the *N.C. Dental Board* test.

Case: 16-30023    Document: 00513806722    Page: 6    Date Filed: 12/21/2016
Case 3:15-cv-00615-JJB-EWD   Document 52   12/21/16   Page 8 of 10

No. 16-30023

providing different—if sometimes overlapping—spheres of protection from private federal antitrust claims. Thus, their tests are not coterminous.

First, the doctrines differ in that they derive from different sources. Sovereign immunity is derived primarily from the Eleventh Amendment. *E.g.*, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 64 (1996). *Parker* immunity is derived from statutory construction, legislative intent, and judicial deference to federalism. *Cmty. Commc'ns Co. v. City of Boulder, Colo.*, 455 U.S. 40, 53 (1982); *Parker v. Brown*, 317 U.S. 341, 350–51 (1943).

Second, the doctrines differ in that Congress cannot abrogate sovereign immunity through antitrust legislation. Federal antitrust laws are promulgated under the authority of the Commerce Clause. *E.g.*, *Parker*, 317 U.S. at 348–49. Congress may not abrogate states' sovereign immunity through federal legislation under the Commerce Clause. *Seminole Tribe*, 517 U.S. at 64–66.

Third, case law implicitly recognizes that sovereign immunity and *Parker* immunity are separate and independent sources of immunity from private federal antitrust claims. *E.g.*, *Goldfarb v. Va. State Bar*, 421 U.S. 773, 791–92, 792 n.22 (1975). In *N.C. Dental Board*, for example, the Supreme Court held that a state regulatory board with a majority of members who "engaged in the active practice of the profession it regulate[d]" was not protected from Sherman Act liability by *Parker* immunity because it was not actively supervised by the state. *N.C. Dental Board*, 135 S. Ct. at 1107, 1114, 1116–17. Importantly, the Court clarified that its decision was limited: "members of regulated occupations" who "participat[ed] in state government" could sometimes look beyond *Parker* immunity to sovereign immunity as a defense. *Id.* at 1115 (citing *Goldfarb*, 421 U.S. at 792 n.22).

Fifth Circuit case law also demonstrates that sovereign immunity and *Parker* immunity are independent doctrines. In *Earles*, this Court held that

6

Case: 16-30023    Document: 00513806722    Page: 7    Date Filed: 12/21/2016
Case 3:15-cv-00615-JJB-EWD   Document 52   12/21/16   Page 9 of 10

No. 16-30023

sovereign immunity and *Parker* immunity insulated a state regulatory board and its members from "scrutiny . . . under federal [and state] antitrust laws." *Earles*, 139 F.3d at 1034, 1044. The Court first analyzed sovereign immunity, holding that it protected the board from all claims and its members from state law claims, but not federal antitrust laws. *Id.* at 1039–40. The Court then analyzed *Parker* immunity, holding that it shielded the board and its members "from federal antitrust laws." *Id.* at 1034, 1044.

Because sovereign immunity and *Parker* immunity are distinct doctrines, we reject Rodgers' argument, which seeks to merge their respective tests. Rodgers repeatedly points to *N.C. Dental Board* for the proposition that the sovereign immunity analysis is now governed by *N.C. Dental Board*'s two-prong test. But, in *N.C. Dental Board*, the Supreme Court did not address sovereign immunity except to point out that sovereign immunity may provide an alternative defense in some cases. *N.C. Dental Board*, 135 S. Ct. at 1115 (citing *Goldfarb*, 421 U.S. at 792 n.22). And Rodgers, who bears the burden of showing that jurisdiction exists, has never pointed to any other authority holding that, in the wake of *N.C. Dental Board*, the two-prong test for *Parker* immunity should be superimposed on the sovereign immunity analysis. *Ramming*, 281 F.3d at 161 (citation omitted). Because the tests for sovereign immunity and *Parker* immunity are not coterminous, the district court did not err in analyzing the Board's sovereign immunity claim using the *Earles* test unmodified by *N.C. Dental Board*.

## II.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

# BILL OF COSTS

**NOTE:** The Bill of Costs is due in this office *within 14 days from the date of the opinion*, See FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

Kourtney S. Rodgers    v.    State of Louisiana Board of Nursing    No. 16-30023

The Clerk is requested to tax the following costs against: Plaintiff-Appellant, Kourtney S. Rodgers

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($500.00) | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 10 | 42 | .173 | ~~72.60~~ | 10 | 42 | .15 | 63.00 |
| Appellant's Reply Brief | | | | | | | | |
| Other: | | | | | | | | |
| | | | Total $ | ~~72.60~~ | | | Costs are taxed in the amount of $ | 63.00 |

Costs are hereby taxed in the amount of $ 63.00 this 21st day of December, 2016.

State of
County of _____

LYLE W. CAYCE, CLERK
By /s/ B____
Deputy Clerk

I Carrie LeBlanc Jones, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 22nd day of November, 2016.

/s/ Carrie LeBlanc Jones
(Signature)

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS

Attorney for Louisiana State Board of Nursing